UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN J. RIGAS and TIMOTHY J. RIGAS,          :
                              Petitioners,    :         11 Civ. 6964 (KMW)
                                             :         02 Cr. 1236 (KMW)
                    v.                        :
                                             :         ECF Case
UNITED STATES OF AMERICA,                     :
                              Respondent.     :
_____       :

## ORDER

Petitioners John and Timothy Rigas ("Petitioners") have moved for discovery in

connection with their petition to vacate, set aside, or correct the sentences they received in

United States v. Rigas, 02-CR-1236. On June 20, 2014, the Court found that Petitioners had

made sufficiently "specific allegations" to demonstrate "good cause" for some discovery in this

action. See Dkt. No. 39 (citing Bracy v. Gramley, 520 U.S. 899, 908-09 (1997)).

Petitioners now seek to issue subpoenas in the form attached hereto to Patrick M.

McLaughlin, Esquire, and Carl E. Rothenberger, Esquire.  For the reasons previously set forth by

the Court, **IT IS ORDERED** that Petitioners' request is **GRANTED** on this __17th__

day of ____March____, 2015.

                              BY THE COURT:

                              _Kimba M. Wood_____

AO 88B  (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| John J. Rigas and Timothy J. Rigas | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   11 CV 6964; 02 CR 1236 (KMW) |
| United States of America | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Carl E. Rothenberger, Buchanan Ingersoll & Rooney PC, 301 Grant Street, 20th Floor, Pittsburgh, PA 15219

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Schedule A.

| Place: Veritas Legal Services<br>4 Smithfield Street, 10th Floor<br>Pittsburgh, PA 15222 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   John J. Rigas and Timothy J. Rigas _____ , who issues or requests this subpoena, are:

Christie Callahan Comerford, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102, 215-575-7187, ccomerford @dilworthlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  11 CV 6964; 02 CR 1236 (KMW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ _____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

AO 88B .(Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

| | |
|---|---|
| John J. Rigas and Timothy J. Rigas <br><br> *Plaintiff* <br> v. <br> United States of America <br><br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No.  11 CV 6964; 02 CR 1236 (KMW) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Patrick M. McLaughlin, McLaughlin Law, LLP, 1111 Superior Avenue, Suite 1350, Cleveland, OH 44114

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    See Schedule A.

| Place: Cady Reporting Services Inc. <br> 1468 W. 9th Street, Suite 440 <br> Cleveland, OH 44113 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  *CLERK OF COURT* | |
|---|---|
|  | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   John J. Rigas and Timothy J. Rigas  _____  , who issues or requests this subpoena, are:
Christie Callahan Comerford, Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, PA 19102, 215-575-7187, ccomerford @dilworthlaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11 CV 6964; 02 CR 1236 (KMW)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____ _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ _____ _____

on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ P 45(a) Committee Note (2013)

.

## SCHEDULE A TO SUBPOENA DIRECTED TO
## PATRICK M. MCLAUGHLIN, ESQUIRE,
## AND CARL E. ROTHENBERGER, ESQUIRE

### DEFINITIONS

"Communication" refers to any oral, written, or electronic utterance, notation, or statement of any nature whatsoever between or among two or more persons, by or to whomsoever made, and including, without limitation, correspondence, Documents, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings, as well as any memorandum of an oral conversation. With respect to an entity other than a natural Person, "Communication" refers to a communications with any Representative of that Person.

"Document" means, without limitation, any type of information contemplated by Federal Rule of Civil Procedure 34, including but not limited to the original and all translations of any information in any written, recorded, graphic, or electronic form, as well as all compilations, catalogs, and summaries of information or data, whether typed, handwritten, printed, recorded, digitally coded, or otherwise produced or reproduced, and shall include, without limitation, each and every note, memorandum, letter, publication, circular, release, article, book, report, prospectus, record, financial statement, computer disc, microfilm, microfiche, microform, index, list, claims file, analysis, chart, money order, account book, draft, summary, diary, transcript, agreement, calendar, graph, receipt, business record, insurance policy, computer printout, contract, and order. "Document" also means any tape or audible recording, photograph, motion picture, videotape, computer and word processor file, and all other data compilations and any non-identical copy thereof, either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise. "Document" also includes "electronic data," which means the original and any non-identical copies and drafts of mechanical, facsimile, electronic,

118105758_1

magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes, instructions, comments, remarks, program change logs, and activity listings of e-mail receipts and/or transmittals, output resulting from the use of any software program, spreadsheets, database files, charts, graphs and outlines, e-mails, operating systems, PDF files, batch files, ASCII files, regardless of the medium on which each resides and regardless of whether said electronic data exists in an active or deleted file or file fragment.

"Person" or "Persons" means any natural person, business entity, individual, partnership, corporation, company, cooperative, bureau, public corporation, joint venture, group, club, association, institute, society, office, organization, and any governmental or administrative entity (whether federal, state, local, or any agency of the government of a foreign country) or any department, agency, bureau, or political subdivision thereof.

"Referring" or "Relating To" or "Concerning" means refers to, relates to, comments on, reflects, mirrors, addresses, discusses, contains information on, indicates, or pertains to, in any way, directly or indirectly, a Document, subject, topic, issue, act, or occurrence, and including, without limitation, comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, reflecting, showing, showing, forming the basis of, containing, or supporting any act or event.

"Representative" or "Representatives" used with reference to a Person means (a) any past or present partner, associate, employee, servant, agent, legal counsel, or any agent of such persons and (b) any other Persons acting on behalf of, or in concert with, such Persons, including, without limitation, insurance brokers or agents, auditors, actuaries, and consultants of any type.

118105758_1

"You" and "Your" refer to Patrick M. McLaughlin and Carl E. Rothenberger, your agents, Representatives, and other Persons acting (or who acted) or purporting to act (or who purported to act) on your behalf.

"Lawsuit" means the case captioned *Rigas v. United States*, Case No. 11 Civ. 6964 (KMW) & 02 Cr. 1236 (KMW) and pending in the United States District Court for the Southern District of New York.

"Petitioners" refers to John Rigas and Timothy Rigas.

"Rigas Family" means John Rigas, Timothy Rigas, Michael Rigas and James Rigas, or any one or more of them, separately or together.

"Adelphia" means Adelphia Communications Corp. and its present or former officers, directors, employees, agents and attorneys, including outside counsel and the Special Committee of Adelphia's Board of Directors appointed on or about March 6, 2002 to investigate a broad range of accounting matters, disclosure issues and related party transactions between Adelphia entities and Rigas Family members and entities. The term Special Committee includes its outside counsel, Covington and Burling, LLP.

"Government" means the United States Department of Justice ("DOJ"), including prosecutors in the United States Attorney's Office for the Southern District of New York or for the Middle District of Pennsylvania, and prosecutors in the Tax Division and other departments of DOJ; postal inspectors; agents, attorneys or inspectors for the Securities and Exchange Commission; agents, attorneys or inspectors for the Internal Revenue Service; agents, attorneys or inspectors of other federal agencies; and any and all personnel employed or assigned to investigate or prosecute violations by Adelphia or any of its current or former officers, directors

118105758_1

. .            .

or employees for violations of the tax code or criminal laws from the period of 2002 through the present.

## INSTRUCTIONS

1.    Each document request listed herein shall be continuing in nature and responses thereto shall be modified or supplemented to include any additional Documents, information, knowledge, or date responsive to such document request that You later discover.

2.    Your answer to each of the document requests should be as responsive to each portion thereof as is reasonably possible, whether such portion is stated in a separate sentence, or is stated in conjunction with another portion or portions in a single sentence, or is specifically designed in a particular document request, or is incorporated therein by the "Definitions" and "Instructions" sections hereof.  If You object to a portion of any document request, You are instructed to answer the remainder.

3.    Whenever in the following paragraphs there is a request to produce Documents, You are instructed to produce all Documents that are in Your possession, custody, or control, or the possession, custody, or control of Your Representatives.

4.    Where a requested Communication was oral, provide the following information: (a) the name of the person making the Communication and the names of the persons present while the Communication was made, and when not apparent, their relationship to one another; (b) the date and place of the Communication; and (c) the general subject matter of the Communication.

5.    If any Document responsive to all or any part of any document request is not currently available, include a statement to that effect and furnish whatever Documents are available. Include in Your statement when such Document was most recently in Your possession

or subject to Your control and what disposition was made of it, and identify each Person currently in possession or control of such Document. If any of such Documents has been destroyed, state when and where it was destroyed, Identify each Person who directed that the Document be destroyed or who actually destroyed it, and state the reason(s) the Document was destroyed.

6.    If a claim of privilege is asserted in response to a request for Documents and an answer is not provided on the basis of such assertion, identify the nature of the privilege, including a brief description of the facts and circumstances giving rise to the privilege, and provide the following information in log form: a) the type of Document; b) the general subject matter of the Document; c) the date of the Document; d) such other information as is necessary to identify the basis for privilege, including where appropriate: the author(s), addressee(s), recipient(s) and their relationship to one another.

7.    Where a Document is redacted (for example, to safeguard confidentiality and privacy where appropriate) the Document produced should so indicate on its face and the redaction and the reason for the redaction should be included on the privilege log.

8.    The past tense shall be construed to include the present tense, and vice versa, to make each document request inclusive rather than exclusive.

9.    The singular shall be construed to include the plural, and vice versa, to make each document request inclusive rather than exclusive.

10.    "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of each document request all responses which might otherwise be construed to be outside of its scope.

## DOCUMENT REQUESTS

All minutes, notes, memoranda or other writings in Your possession that were taken at, or relate to, any meeting between the Government and Carl Rothenberger during the period from March 27, 2002 to October 31, 2013.

118105758_1