IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN J. RIGAS and TIMOTHY J. RIGAS,         : <br> : <br> Petitioners,         : <br> : <br> v.         : <br> : <br> UNITED STATES OF AMERICA,         : <br> : <br> Respondent.         : <br> : | 11 Civ. 6964 (KMW) <br> 02 Cr. 1236 (KMW) <br><br> ECF Case |

**PETITIONERS' MOTION FOR LEAVE TO FILE THEIR THE FIRST AMENDED MOTIONS UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT THEIR SENTENCES**

Petitioners hereby move for leave to file their First Amended Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct their Sentences. In support hereof, Petitioners state as follows:

1. On October 4, 2011, Petitioners filed their original Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct their Sentences. (ECF Nos. 1 & 2) These Petitions raise two general sets of claims: (a) that the Government violated Petitioners' right to pre-trial disclosure of material exculpatory information as set forth in *Brady v. Maryland*, 373 U.S. 83 (1973) (the "*Brady* Claims"); and (b) that the Government unconstitutionally interfered with Petitioners' rights to prepare, fund and present their defenses (the "Interference Claims").

2. On March 24, 2014, Petitioners requested the Court to schedule a status conference in relation to their request to amend their § 2255 petitions. (ECF 34) This came in light of Petitioners' learning—even before discovery—information fortifying their claims that the Government had violated *Brady*. In particular, Petitioners learned information that cast light on (a) what happened at the Government's February 20, 2004 interview of Carl E. Rothenberger—longtime counsel for Adelphia and for the Rigases who was involved in virtually all of the transactions and disclosure at issue; and (b) the prosecution's withholding information about its interviews with personnel from Scientific Atlanta, Inc., and Motorola Communications Corporations. Those companies had entered into "marketing support" contracts with Adelphia that the Government alleged were an attempt by Adelphia to create "wash transactions" to inflate the appearance of its profitability.

3. On April 1, 2014, this court directed counsel for Petitioners and the Government to meet and confer regarding Petitioners' request to amend the petition, and to propose an appropriate schedule going forward. (ECF No. 37).

4. On April 16, 2014, in response to that Order, Petitioners submitted a letter reporting they and the Government had agreed that: (a) Petitioners would file an Amended Petition within 30 days of the Court setting a scheduling order; (b) the Government would file its response within 60 days of that deadline; and (c) Petitioners would have 21 days to respond. (ECF No. 38) The letter explained that Petitioners had proposed that an Amended Petition be filed only after completion of

discovery. At that time, though—with the Court not yet having granted Petitioners' Motion for Discovery—the Government took the position that there was no reason for delay because (in the Government's view) there was no reason for discovery.

5. On June 20, 2014, the Court entered an Order granting Petitioners' Motion for Discovery. (ECF No. 39)

6. On August 4, 2014, Petitioners filed their Response to Objections of the United States of America to Discovery Requests. (ECF No. 46). Referencing their claims involving Scientific Atlanta and Motorola, Petitioners informed the Court that the Government had agreed that "these claims may properly be made part of the Amended Petition that Petitioners will be filing in the aftermath of discovery." *Id.* at 15.

7. As indicated in the Memorandum in Support of Petitioners' Motion for Judgment on Various *Brady* Claims, discovery in connection with numerous *Brady* claims is now basically complete. Petitioners are asking the Court to grant judgment on those *Brady* claims without waiting for the Interference Claims and some other *Brady* claims to be ripe for disposition.

8. Accordingly, as anticipated by the agreement that an Amended Petition would be filed following discovery, Petitioners are now seeking leave to file their First Amended Petition, which deals exclusively with various *Brady* claims.

9. Discovery is still ongoing on the "Interference Claims" and on some other *Brady* claims. Whether Petitioners later will be seeking leave to file a Second Amended Petition dealing with those issues will turn on what discovery uncovers in

3

relation to those claims and, of course, on whether the Court grants relief based on the *Brady* claims that are now ripe for adjudication.

10. On April 3, 2017, in response to Petitioners' request, the Court granted Petitioners leave to file a 75-page Memorandum in support of their motion for judgment on various *Brady* issues.

WHEREFORE, Petitioners respectfully request the Court grant them leave to file their First Amended Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct their Sentences.

    /Lawrence C. Marshall/
    Lawrence C. Marshall
    *Admitted Pro Hac Vice*
    Stanford Law School
    Stanford, CA 94305
April 28, 2017     (657) 723-7572