# Exhibit 2

## Definitions and Instructions

1. The definitions and instructions incorporate by reference Rule 26.2 and 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, concerning the Assertion of Claim of Privilege and the Uniform Definitions in Discovery Requests.

2. The terms "relating to," "regarding," and other similar terms mean directly or indirectly, in whole or in part, concerning, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring to in any way.

3. Each Request shall be construed as being inclusive rather than exclusive.

4. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be beyond their scope.

5. The use of capital letters, lower case letters, or quotation marks in the below Requests shall not be construed to limit the scope of any specific Request.

6. In producing responsive documents, you should furnish all documents in your actual or constructive possession, custody, or control, regardless of whether such documents are possessed directly by you or your directors, officers, partners, members, agents, employees, representatives, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

7. If any portion of any document is responsive to any Request, then the entire document must be produced.

8. You shall produce any and all drafts of each document that are responsive to any Request, and any and all copies of each such document that are not identical in any respect,

including but not limited to differences in handwritten notes, markings, stamps, interlineations, and electronic information.

9. Documents referred to herein shall include all portions, or pages of each document referred to and all attachments, enclosures, appendices, and supporting documentation, including, without limitation, originals, copies, drafts, working papers, routing slips, handwritten notes, and similar materials (with or without notes or changes therein). Any document that is attached by staple, clip, electronic means, or otherwise to a document requested herein shall also be produced (attached in the same manner as the original) regardless of whether the production of that document is otherwise requested herein.

10. The documents produced in response to the Requests shall be produced as they are kept in the ordinary course of business and shall be organized so that Plaintiff can ascertain the files in which they were located, their relative order in such files, and how such files were maintained.

11. In the event that any document requested herein was formerly in your possession, custody, or control and has been lost, destroyed, or otherwise disposed of, you are required to furnish a list identifying each such document, which list sets forth the following information with respect to each document:

    a. the title of the document and the nature and subject matter of its contents;

    b. the identity (or identities) of the Person(s) who prepared or authored the document; the custodian(s) of the document; and, if applicable, the Person(s) to whom the document was sent or was intended to be sent and the recipient(s) or intended recipient(s) of the document;

    c. the date on which the document was prepared or transmitted; and

  d. the date on which the document was lost, destroyed, or otherwise disposed of; the manner and conditions of and reasons for such loss, destruction, or other disposition; and the Persons requesting and performing the destruction or other disposition.

12.  The Requests do not seek attorney-client privileged communications.

13.  The Requests seek fact work-product information, but not opinion work-product information.

14.  The Requests seek documents from only the following custodians: Bruce Baird, Len Chazen, Elaine Stone, Jonathan Blake and Aaron Marcu.

## Document Requests

**Request No. 1:** For the period between May 1, 2002 and October 31, 2002, and between December 1, 2003 and June 28, 2004, for the agreed upon custodians, all direct written communications to or from the United States Attorney's Office for the Southern District of New York, United States Postal Inspection Service, or Federal Bureau of Investigation relating to the following subject matter:

  a. Whether Adelphia would or should provide advancement, indemnification or payment of legal costs to Petitioners, including but not limited to how the Government would view such advancement, indemnification or payment of legal costs and the timing and basis of such decision.

  b. Whether Adelphia would or should provide advancement, indemnification or payment of legal costs to any other current or former Adelphia officer, director or employee or prospective Adelphia director in relation to any

3

ongoing law enforcement investigation, including the timing and basis of such decision.

c. What actions Adelphia would, should or did take to assist the government in its investigation or prosecution of Petitioners, and what requests were made of Adelphia by the Government, including but not limited to what actions the government would consider to reflect Adelphia's "cooperation."

d. Whether Adelphia should prevent or place restrictions upon its employees talking to Petitioners or their representatives, including but not limited to whether the government had any input into the October 14, 2002 Memo from Randall D. Fisher to Adelphia employees, *see* Dkt. 113-1 at 35-37.

e. The Government's position and/or demands with respect to Adelphia's corporate governance and control, including whether Petitioners should resign and/or be terminated as officers or directors of Adelphia.

f. Whether Adelphia should make or refuse to make payments to John Rigas and/or Timothy Rigas pursuant to the terms of their respective severance agreements with Adelphia.

g. Whether the government and/or Adelphia would or should oppose, or seek to enjoin, efforts by Petitioners to gain access to other funds which potentially could be used to pay defense costs, including but not limited to assets held by the Rigas Family, assets belonging to the Rigas Managed Entities, assets allegedly owned by Adelphia and/or the proceeds from any policy of insurance.

h. Whether the Government could or would consider the following factors discussed in the "cooperation and voluntary disclosure" section of the Holder Memorandum and the Thompson Memorandum in weighing the extent of Adelphia's cooperation and in determining whether the government would seek an indictment of Adelphia:

(i) Advancement, indemnification or payment of legal costs to present or former officers, directors or employees of Adelphia.

(ii) Adelphia's "willingness to identify the culprits within the corporation, including senior executives."

(iii) Adelphia's willingness to make witnesses available.

**Request No. 2:** For the period between May 1, 2002 and October 31, 2002, and between December 1, 2003 and June 28, 2004, for the agreed upon custodians, any notes or memoranda reflecting direct communications to or from the United States Attorney's Office for the Southern District of New York, United States Postal Inspection Service, or Federal Bureau of Investigation regarding any subject referenced in Request No. 1.

**Request No. 3:** For the period between May 1, 2002 and October 31, 2002, and between December 1, 2003 and June 28, 2004, for the agreed upon custodians, any communication to or from Adelphia employees or former employees unrepresented by counsel, as identified by the Petitioners, regarding communicating with Petitioners or their counsel concerning the United States Attorney's Office's investigation and prosecution of Petitioners, including the jury trial.

**Request No. 4:** For the months of May 2002, October 2002, and December 2003-June 2004, Covington & Burling LLP's billing entries for its representation of Adelphia's Special

5

Committee reflecting communications to, from or with the United States Attorney's Office and any other agents or investigators acting on behalf of the United States Attorney's Office.