# ML MOLOLAMKEN

Steven F. Molo
MoloLamken LLP
430 Park Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

# MEMO ENDORSED

March 20, 2018

By ECF

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/3/18
```

Honorable Kimba M. Wood
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Rigas v. United States*, No. 11 Civ. 6964 & 02 Cr. 1236

Dear Judge Wood:

At the status hearing on March 15, 2018, the Court requested a letter regarding the procedural rules in 28 U.S.C. § 2255 proceedings for subpoenaing individuals to appear for in-court testimony at an evidentiary hearing. Rule 12 of the Rules Governing § 2255 Proceedings combined with Rule 17 of the Federal Rules of Criminal Procedure authorize this Court to permit the parties to compel in-person attendance of witnesses at the hearing.

Rule 12 of the Rules Governing § 2255 Proceedings provides that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Accordingly, courts regularly apply provisions of both sets of procedural rules to § 2255 proceedings. *See, e.g., United States v. Daily*, 703 F.3d 451, 454 (8th Cir. 2013); *Thai v. United States*, 391 F.3d 491, 497 (2d Cir. 2004).

Federal Rule of Criminal Procedure 17(e)(1) provides that "[a] subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States." No statute or procedural rule applied to § 2255 proceedings is inconsistent with the use of Federal Rule of Criminal Procedure 17 subpoenas in such proceedings. Indeed, the Second Circuit has characterized § 2255 proceedings as "a step in the underlying criminal case." *See United States v. Clark*, 984 F.2d 31, 33 (2d Cir. 1993).[1] Accordingly, courts have found that district courts have the discretion to allow the parties to issue Federal Rule of Criminal Procedure 17 subpoenas

---

[1] It should be noted that our research disclosed one case that characterized § 2255 proceedings as "decidedly civil" and, accordingly, applied Federal Rule of Civil Procedure 45 to the issuance of subpoenas for testimony at a hearing. *See Johns v. United States*, Nos. 09-0386-WS-C, 07-0232-WS-C, 2011 WL 1344245, at *1 (S.D. Ala. Apr. 8, 2011).

Case 1:11-cv-06964-KMW   Document 178   Filed 04/03/18   Page 2 of 2
Case 1:11-cv-06964-KMW   Document 172   Filed 03/20/18   Page 2 of 3

Hon. Kimba M. Wood                    - 2 -                    March 20, 2018

to compel a witness to attend a §2255 proceeding and provide testimony. *See United States v. Lee-Speight*, 576 F. App'x 801, 803 (10th Cir. 2014) (Gorsuch, J.) (noting that the issuance of a Rule 17 subpoena in a §2255 proceeding is "generally left to the district court's discretion"); *Penland v. United States*, No. 1:09CV398, 2010 WL 1006883, at *4 (W.D.N.C. Mar. 17, 2010).

Petitioners therefore request that the Court authorize the parties to issue subpoenas pursuant to Federal Rule of Criminal Procedure 17 to compel attendance at an evidentiary hearing in this matter.

Respectfully submitted,

/s/ Steven F. Molo

LAWRENCE C. MARSHALL, ESQ.
ADMITTED *PRO HAC VICE*
559 NATHAN ABBOTT WAY
STANFORD, CALIFORNIA 94305
(650) 723-7572
lmarshall@stanford.edu

STEVEN F. MOLO
MOLOLAMKEN LLP
430 PARK AVENUE
NEW YORK, NEW YORK 10022
(212) 607-8160
smolo@mololamken.com

MEGAN CUNNIFF CHURCH
JORDAN RICE
ADMITTED *PRO HAC VICE*
MOLOLAMKEN LLP
300 NORTH LASALLE STREET
CHICAGO, ILLINOIS 60654
(312) 450-6700
mchurch@mololamken.com
jrice@mololamken.com

*Attorneys for Petitioners*

cc:   AUSA Brian Roger Blais
      AUSA Damian Williams

> The Court authorizes the issuance of subpoenas, without ruling, at this time, on the propriety of each subpoena.
>
> 4-3-18

SO ORDERED, N.Y., N.Y.

_____
KIMBA M. WOOD
U.S.D.J.